## UNION GUARDIAN TRUST CO. *v.* BARLUM.

1. BANKRUPTCY—ACTION BY TRUSTEE ON STOCK SUBSCRIPTIONS.

   In action by trustee in bankruptcy of corporation against stockholders on alleged unpaid stock subscriptions and for fraud, judgment for defendants *held,* correct on record presented.

2. SAME—FINDING OF COURT—FRAUD.

   Finding of trial judge in action by trustee in bankruptcy of corporation against stockholders, tried without a jury that creditors had not. relied on alleged fraudulent statements in articles of association as to financial structure and subsequent conduct in carrying large item of unpaid stock subscriptions as an asset on the corporate books *held,* sustained by evidence.

3. SAME—RECOVERY BY TRUSTEE IN ASSUMPSIT.

   Trustee in bankruptcy of corporation *held,* not entitled to recover in action of assumpsit against stockholders on alleged unpaid stock subscriptions where item was a bookkeeping entry and bankrupt could not have recovered from defendants thereon.

4. SAME—ACTION—FRAUD—TRANSFER TO EQUITY.

   Where trustee in bankruptcy of corporation may not recover from stockholders on the law side of the court because of alleged fraudulent statements in articles of association and subsequent conduct and creditors are not found to have relied upon alleged fraud, there is no occasion for transfer of case to equity side of the court.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 5, 1934. (Docket No. 115, Calendar No. 38,001.) Decided March 5, 1935.

Action by Union Guardian Trust Company, trustee in bankruptcy of the estate of Thomas Barlum & Sons Company, against John J. Barlum, Louis P.

Barlum and Thomas Barlum, Jr., to recover sums due on unpaid subscriptions to capital stock. Judgment for defendants. Plaintiff appeals. Affirmed.

*Brown, Stoneman, Lorenzo & Springstun,* for plaintiff.

*LeRoy Payne,* for defendants.

NORTH, J. This is a suit at law by the trustee in bankruptcy of Thomas Barlum & Sons Company, a corporation, to recover moneys alleged to be due in consequence of unpaid subscriptions to the capital stock, such recovery being in behalf of creditors of the bankrupt. Defendants had judgment in their favor. Plaintiff trustee has appealed.

In 1916, Thomas Barlum & Sons Company was incorporated under the laws of Michigan with a capitalization of $200,000. The incorporators were Thomas Barlum, Sr., and his three sons, John, Louis and Thomas, Jr. Each took and held a one-fourth interest, *i. e.,* 50,000 par value of the stock. For many years prior to the incorporation Thomas Barlum, Sr., and his son John as copartners had been engaged in the wholesale meat and provision business in Detroit. The two younger sons were employed by the partnership. It owned and used in connection with the business a refrigeration machine, ice boxes, blocks and the usual tools and other equipment used in a business of this kind. The partnership business was of an extensive character. The corporation was organized for the purpose of taking over this going business and the property used in connection therewith. The articles of association state that the incorporators turned into the company in payment of its capital stock the following property at a valuation noted after the respec-

tive items: accounts receivable, $66,500; merchandise, $25,500; machinery, $51,610; lease, good will, equipment, etc., $47,450; cash on hand, $8,940. Total, $200,000. The articles bear the following notation: "The good will is taken without value." For many years after its organization in 1916 the corporation carried on an extensive and successful business; but ultimately its business failed and it was adjudicated a bankrupt in 1931. Its liabilities were scheduled at $127,531.37. Its assets amounted to $8,385.31. Creditors filed claims totaling $48,978.18.

This suit at law was brought by the trustee in bankruptcy for the purpose of securing money from the defendants as stockholders in the corporation with which to pay the bankrupt's creditors. Thomas Barlum, Sr., died prior to the bankruptcy; and the suit is against his three sons. The declaration contains four special counts and also the common counts. Recovery is sought on the ground of alleged fraud and also in assumpsit.

Primarily plaintiff bases its claim of fraud upon the manner in which the incorporators paid for the capital stock issued to them and the assumption by the corporation of liabilities incurred by the predecessor partnership in the amount of $151,544.27, which latter fact was in no way disclosed by the articles of incorporation. These liabilities were paid by the corporation. Briefly plaintiff claims that the partnership assets transferred to the corporation at a valuation of $200,000 were knowingly turned over by the incorporators at an "inflated, fictitious and nonexisting valuation." In this connection plaintiff further alleges:

"That the statements made in the articles of association, including the statements as to the value of the property transferred and owned by the com-

pany and given it in payment of the several stock subscriptions aforementioned, were knowingly and intentionally misrepresented and fraudulently set forth for the purpose of deceiving the creditors of the company.''

Another phase of the alleged fraudulent aspect of the case in consequence of which plaintiff seeks recovery is that four or five years after the incorporation defendants through an auditor caused to be set up on the books and records of the corporation an item of indebtedness due it incident to unpaid stock subscriptions in the sum of $143,000, which item was thereafter carried on the books of the corporation and made to appear in its monthly profit and loss reports to corporate officers as an asset of the corporation in the amount of $143,000. Plaintiff alleges that by so doing defendants fraudulently led the creditors of the corporation to believe that its assets were in reality increased by the amount of said item, and it is alleged that this was done ''for the express purpose of causing the creditors to believe that said item was in reality an asset,'' when in truth it was not and defendants later in the bankruptcy proceedings disclaimed such indebtedness.

As noted above, notwithstanding the alleged right of plaintiff to recover in behalf of the bankrupt's creditors on the grounds of the alleged fraudulent conduct of defendants the trial court rendered judgment against plaintiff. Review of the record satisfies us of the correctness of this determination. Only two of the creditors claimed to have had knowledge of the corporate set-up of which plaintiff now complains. None of the creditors claims to have had knowledge prior to the bankruptcy proceedings of the entry upon the corporate books and records

of the item purporting to be an asset in the amount of $143,000 for unpaid stock subscriptions or to have extended credit to the corporation in consequence thereof. The two creditors in behalf of which there is testimony tending to establish the alleged fraud in consequence of the financial structure as set up in the articles of incorporation are H. Dryfoos & Son and Fellwock Beef Company. The account of the former was reduced to judgment and amounted to $4,135.64, the account of the latter amounted to $1,500.26. The unpaid balance on each of these accounts accrued within a year or two next preceding the bankruptcy. The trial judge had the benefit of hearing the testimony touching the claims of these respective parties. In this connection he said:

"Both Fellwock and Dryfoos testified that they extended credit only on the strength of the statements contained in the articles of association. If this is true, their gullibility is traceable back some 16 or 18 years, during which time they enjoyed an enviable patronage, and received prompt payment. I am somewhat inclined to believe that the mere statements of the value of assets contained in the articles became obliterated in the minds of each before the last credit was extended. I find it difficult, if not impossible, to find that, if the statements contained in the articles are fraudulent, any reliance was placed thereon which worked to the detriment of the gentlemen who testified. From the testimony I am unable to determine that the statements in the articles were fraudulent. Further than that, I am unable to determine that the creditors, who testified, or any other creditors, placed any reliance thereon. The articles were ancient history at the time that insolvency came upon the corporation. The claim of fraud, to my mind, fails absolutely."

We are in accord with the conclusion reached by the trial court and hold with him that plaintiff is not entitled to recover in behalf of the bankrupt's creditors on the theory of the alleged fraudulent conduct of defendants.

It remains to be determined whether plaintiff in this action at law is entitled to recover as in assumpsit on the theory that defendants are indebted to the corporation. Plaintiff's theory is disclosed by the third count of its declaration from which we quote:

"That by virtue of the subscriptions of the within defendants to the capital stock of the bankrupt company aforementioned, and their execution of its articles of association, the defendants *became and are indebted to the company* in the sum of $150,000, less the payments they have made thereon from time to time to May 11, 1931, aggregating not to exceed $7,000, and although demand has been made upon them at divers and sundry times to pay the same they have failed and neglected so to do."

Can the trustee in bankruptcy, no fraud having been established, recover in behalf of creditors in assumpsit? In the absence of constitutional or statutory provisions to the contrary, the general rule is that he cannot. This phase of the law is settled in this State. We quote from *Courtney* v. *Youngs,* 202 Mich. 384, which was a suit in assumpsit by the trustee of a bankrupt corporation to recover in consequence of alleged unpaid or underpaid stock subscriptions of the bankrupt. Judgment for plaintiff was reversed and the case remanded to the equity side of the court. The following is from the syllabus.

"Where a corporation has disposed of its shares of stock at a grossly inadequate price, or without

consideration, an action may be brought by the trustee in bankruptcy for the benefit of those creditors only who have extended credit in reliance upon the capital stock of the corporation.''

We quote further from the body of the opinion.

''The case was tried and submitted to the jury in the court below upon the claim of the plaintiff that the Groveland Mining Company, acting through its officers and promoters, in fraud of the rights of creditors, had disposed of the property of the corporation, *i. e.,* its shares of stock, at a grossly inadequate price, or without consideration; and that under such circumstances the contract for sale and sale of such stock was void, rendering the stockholders liable for the stock fraudulently obtained by them. * * * We repeat that we are not here dealing with the collection of an unpaid stock subscription, strictly speaking; nor with the enforcement of a stockholder's statutory liability; nor with a proceeding where the recovery of necessity inures to the benefit of all creditors; but considering solely the case before us, that of a bankrupt corporation, the theory upon which it was tried and the only theory upon which recovery may be had, we hold that in such a proceeding the trustee is exercising the rights given him under the amendment to section 47 (of the bankruptcy law; 36 Stat. at L. pp. 838, 840 [11 USCA, § 75]), may pursue the remedies provided in our system of procedure incident to such rights, that the relief under our practice must be had in equity, and that this suit on the law side of the court may not be maintained.''

Under the facts of the instant case the trustee could not recover in assumpsit on the law side of the court; and the judgment entered in the circuit court in favor of defendants must be affirmed. Since,

as noted above, the record does not sustain a right of recovery on the theory that any of the creditors extended credit to the bankrupt in reliance upon the alleged false statement in the articles of association as to the capital stock having been paid in full, there is no occasion for considering a transfer of the cause to the equity side of the court.

Judgment is affirmed, with costs to appellees.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J.

BUTZEL, J. (*concurring*). I concur in the result and agree that if a stockholders' liability exists, it cannot be established in the present proceeding. The decision in the present case, however, should be without prejudice to the right of plaintiff, if he sees fit, to bring an independent suit in equity to enforce a stockholders' liability, if any exists. Until the bringing of such suit in a court of equity, and a fuller presentation of the facts and the law, I withhold my opinion.